UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00412-NT |
| | ) | |
| CLICK BANK, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Plaintiff alleges that in August 2020, he ordered three bottles of a sleep-aid and weight-loss product called Resurge through Defendant's website. According to Plaintiff, he used the product between September 3, 2020, and September 18, 2020, but the product did not perform as advertised and Defendant failed to honor its refund policy. Plaintiff alleges breach of contract and requests damages in the amount of $550,000. (Complaint, ECF No. 1-1.)

Plaintiff filed his claim in state court; on November 4, 2020, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.) In its Notice, Defendant asserts a diversity of citizenship between the Plaintiff and Defendant and an amount in controversy in excess of $75,000. (*Id.* ¶¶ 4-9.) Plaintiff did not oppose the removal.

The matter is before the Court on Defendant's motion to dismiss. (ECF No. 6.) Defendant contends dismissal is appropriate because Plaintiff has not alleged the facts

necessary to establish this Court's personal jurisdiction over Defendant, and Plaintiff has failed to allege an actionable claim.

After review of Plaintiff's complaint and the Notice of Removal, I recommend the Court, sua sponte, remand the matter to state court based on a lack of subject matter jurisdiction.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

An action filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where the plaintiff's citizenship is diverse from the defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

Removal of an action based on diversity of citizenship requires the court to consider whether the amount in controversy asserted in the plaintiff's complaint is stated in good faith and, if not, whether the defendant has shown "by the preponderance of the evidence,

that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2).  If the parties do not dispute the amount in controversy stated in the complaint, the court should consider whether the defendant's notice of removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  If a defendant simply repeats the plaintiff's assertion that the amount in controversy exceeds the jurisdiction threshold, without "setting forth, in the removal petition itself, the *underlying facts* supporting [the defendant's] assertion" as to the amount in controversy," a sua sponte remand could be appropriate. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (citing *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)); *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *cf. CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014) (remand for sua sponte dismissal of complaint originally filed in federal court).

Courts may rely on judicial experience and common sense to conclude that a matter does not present a claim of the requisite value.  *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).  Plaintiff alleges that Defendant represented that the product would decrease one's need for sleep and reduce one's weight without diet or exercise, but after taking the product daily from September 3 through September 18, his sleep did not improve and his weight remained "about the same."[1] (Complaint at 2.)  Plaintiff contends Defendant

---

[1] Plaintiff also asserts that another individual, Barbara Crawford, also used the product with similar results. Ms. Crawford did not sign the complaint and the caption of the complaint does not reference Ms. Crawford.

3

did not honor its refund policy. Plaintiff seeks to recover damages in the amount of $550,000. In the Notice of Removal, Defendant writes, "[b]ased on the damages sought the amount in controversy exceeds $75,000.00." (Notice at 2.)

Plaintiff alleges no facts to support his claimed damages. Other than a reference to the purchase of three bottles of the product and Defendant's refusal to provide a refund, Plaintiff has not alleged a financial consequence due to his purchase and use of the product. In addition, Plaintiff has not alleged a physical injury due to his use of the product. Plaintiff's claim, therefore, is that he did not realize the advertised benefits of the product after using the product for approximately sixteen days. As alleged, Plaintiff's damages can reasonably be characterized as nominal or minimal.

Plaintiff has also failed to assert facts to support his claim for punitive damages. "[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny ... than a claim for actual damages." *Zahn v. Int'l Paper Co.,* 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972). *See also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("[W]hen it appears that [a punitive damage claim] comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny."). Without a critical assessment of the punitive damage claim, the jurisdictional

---

In this Recommended Decision, therefore, I do not construe the complaint as asserting a claim by Ms. Crawford.

threshold would essentially be meaningless in any case in which a party states a claim for punitive damages.

First, Plaintiff cannot recover punitive damages on his breach of a contract claim. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶ 17, 745 A.2d 975, 981.  In addition, to the extent Plaintiff's "false advertising" claim is construed as an unfair trade practices claim, as this Court explained in another case Plaintiff filed, punitive damages are not recoverable on an unfair trade practices claim.  *Violette v. CBHH, LLC*, No. 1:19-CV-00015-GZS, 2019 WL 2745728, at *1 (D. Me. July 1, 2019), *aff'd*, No. 2:19-CV-00015-GZS, 2019 WL 3325802 (D. Me. July 24, 2019) (sua sponte remand of removed action).  Finally, even if Plaintiff's complaint is construed to assert a tort claim, Plaintiff has alleged no facts that would support a punitive damage award.  Under Maine law, a punitive damage award is permitted on a showing, by clear and convincing evidence, that the defendant's tortious conduct was motivated by actual ill will or was so outrageous that malice can be implied. *Weaver v. New England Mut. Life Ins. Co.*, 52 F. Supp. 2d 127, 134 (D. Me. 1999) (citing *Tuttle v. Raymond,* 494 A.2d 1353, 1354 (Me. 1985)).  Plaintiff has not alleged any facts that could reasonably be construed to support a finding of actual or implied malice.

Because Plaintiff has not alleged any facts that would support a finding that the amount in controversy exceeds $75,000, Defendant cannot rely on Plaintiff's assertion as a basis for this Court's diversity jurisdiction.  Because Defendant has cited no other basis to suggest Plaintiff's claim satisfies the jurisdictional amount, this Court lacks jurisdiction and remand is warranted.

## CONCLUSION

For the foregoing reason, I recommend the Court remand the matter to state court. As to Defendant's motion to dismiss, I recommend the Court moot the motion in this Court but maintain the motion as an active motion for the state court's consideration upon remand.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of January, 2021.