## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:20-cv-000412-NT |
| | ) |
| CLICK BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE RECOMMENDED
## DECISION OF THE MAGISTRATE JUDGE

Plaintiff Gregory Violette alleges that he used a sleep-aid and weight-loss product sold by the Defendant, but that the product did not perform as advertised and that the Defendant failed to honor its refund policy. Compl. (ECF No. 1-1). The Plaintiff filed a *pro se* suit in Somerset County Superior Court, claiming breach of contract and false advertising and seeking $550,000 in damages. Compl. 1–2. Claiming diversity jurisdiction, the Defendant removed the case to this Court, citing the Plaintiff's alleged "punitive damages and exemplary damages in the amount of $550,000.00" to support the Defendant's assertion that the amount in controversy exceeds $75,000. Def.'s Notice of Removal 2 (ECF No. 1). The Defendant subsequently moved to dismiss, asserting that the Plaintiff fails to state a claim, that the case is frivolous, and that this Court lacks personal jurisdiction over the Defendant. Def. Click Bank's Mot. to Dismiss 1 ("**Def.'s Mot.**") (ECF No. 6).

On January 8, 2021, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision (ECF No. 12). The Magistrate

Judge recommended that the Court *sua sponte* remand the case to state court based on a lack of subject matter jurisdiction because the amount in controversy does not meet the $75,000 threshold. Recommended Decision 2. Neither party objected to the Magistrate Judge's Recommended Decision. However, after the Magistrate Judge filed his Recommended Decision, the Plaintiff filed a motion to remand, in which he stated, "I would agree with the court that this case should be Remanded back to the State Court where the case came from. The US District Court does NOT have jurisdiction on this case." Pl.'s Mot. to Remand This Case ("**Pl.'s Mot.**") 1 (ECF No. 13). The Defendant filed a response to the Plaintiff's motion, in which it stated that it "accept[ed] the Plaintiff's stipulation . . . that his damages do not exceed the jurisdictional threshold," noting that the only ground that the Magistrate Judge gave for recommending remand was that the amount in controversy did not exceed $75,000. Def. Click Bank's Resp. to Pl.'s Mot. and Stipulation to Remand ("**Def.'s Resp.**") 1 (ECF No. 14). The Defendant agreed that remand was appropriate. Def.'s Resp. 2. The Plaintiff subsequently filed a reply, stating that the case should be remanded "because the damages do NOT meet the jurisdictional amount in US District Court but will meet the damages or $550,000.00 in Maine Superior Court." Pl.'s Reply (ECF No. 15).

I have reviewed and considered the Recommended Decision, together with the parties' subsequent filings and the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge. While the parties'

agreement on the propriety of remand is helpful, I am duty-bound to remand in any event. The removal statute mandates that I remand this action to state court if it appears this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added)). For the reasons stated in the Magistrate Judge's Recommended Decision, and as further supported by the parties' recognition that the amount in controversy does not exceed $75,000,[1] this Court lacks jurisdiction under 28 U.S.C. § 1332(a) and the case must be remanded. Further, because I lack subject matter jurisdiction, I am unable to rule on the Defendant's pending motion to dismiss. *See KeyBank Nat'l Ass'n v. Katahdin Commc'ns, Inc.*, No. CV-10-141-B-W, 2010 WL 2361692, at *3 (D. Me. June 9, 2010) (holding that because the court did not have jurisdiction, it could not rule on the defendant's motion to dismiss).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED.** This case shall be remanded to the Maine Superior Court in Somerset County. Given that I am ordering remand to state court, the Plaintiff's motion to remand is moot.

---

[1] The Defendant characterizes the Plaintiff's remand motion as a "stipulation . . . that his damages do not exceed the jurisdictional threshold." Def. Click Bank's Resp. to Pl.'s Mot. and Stipulation to Remand 1 (ECF No. 14). But the Plaintiff's reply then—somewhat confusingly—suggests that although "the damages do NOT meet the jurisdictional amount in US District Court," they will somehow "meet the damages or $550,000.00 in Maine Superior Court." Pl.'s Reply (ECF No. 15). Given this contradiction and the leniency shown to *pro se* plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), I decline to treat the Plaintiff's statement as a stipulation that he is not seeking more than $75,000 in damages. Nevertheless, for the reasons set forth in the Magistrate Judge's Recommended Decision, I find that the Plaintiff has not alleged facts sufficient to establish the jurisdictional threshold of $75,000.

3

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 23rd day of February, 2021.